UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15-cv-21034-KAM

MARKWOOD INVESTMENTS LTD. and
GOLDEN DAWN CORPORATION,

    Appellants/Plaintiffs,

v.

FABRIZIO DULCETTI NEVES,

    Appellee/Cross-Appellant/Defendant.
_____/

**APPELLANT/CROSS APPELLANT FABRIZIO D. NEVES' RESPONSE TO GOLDEN DAWN'S MOTION TO STRIKE IMPROPER NOTICE OF APPEAL AND NOTICE OF CROSS APPEAL AND TO DISMISS APPEALS (ECF No. 16)**

Appellant/Cross Appellant[1] and defendant below, Fabrizio Dulcetti Neves ("Appellant" or "Mr. Neves"), by and through undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 8013, files his response to Golden Dawn Corporation's ("Golden Dawn") Motion to Strike Improper Notice of Appeal and Notice of Cross Appeal and To Dismiss Appeals ("Motion to Strike") [ECF No. 16], and in support hereof states:

**INTRODUCTION**

After enduring almost five years of litigation following four failed complaints, a week-long trial and waiting patiently for more than nine months for a ruling below, Mr. Neves, the only natural person in this litigation, was eager to pursue his appellate rights. Thus, immediately

---

[1] Mr. Neves is referred to as the Appellant and the Cross Appellant as this response is being filed in both the Second Neves Appeal and the Neves Cross Appeal (terms defined *infra*).

{32652929;1}

upon entry of the Final Judgment below Mr. Neves promptly and timely filed the Original Neves Appeals.[2] There is no dispute that this Court has subject matter jurisdiction over the Original Neves Appeals and an unopposed motion to extend the deadline to June 18 for Mr. Neves to file his initial brief is currently pending. [Case No. 1:15-cv-21188-KAM ECF No. 14], [Case No. 1:14-cv-24840-KAM ECF No. 25].

In an abundance of caution, following entry of the Amended Final Judgment, Mr. Neves timely filed a Second Notice of Appeal which included some of the orders that are the subject of the Original Neves Appeal.[3] A motion to consolidate the Original Neves Appeals and Second Neves Appeal is pending. *Id.*

Following Markwood's appeal from the memorandum opinion, Mr. Neves filed his Cross Appeal which included the same orders that are the subject of the Original Neves Appeal together with the later entered Amended Final Judgment and the Order denying Neves' Post Trial Motion. There is no dispute that the Cross Appeal was timely filed within 14 days following Markwood's notice of appeal. The Cross Appeal was also filed in an abundance of caution as the plaintiff, Markwood (not Golden Dawn), is the appellant in that appeal. Markwood is neither an appellant nor appellee in the in the Original Neves Appeals or Second Neves Appeal.

Obviously, Mr. Neves has been abundantly cautious in an effort assure his appellate rights were preserved and the appeals are heard on the merits. The motion to dismiss the second Neves pending appeal is of little or no consequence and should be denied because the entry of the Amended Final Judgment restarted the appellate clock and there is no dispute that this Court has jurisdiction over the overlapping Original Neves Appeal which remains *sub judice*. Markedly, even if Golden Dawn is correct and the Amended Final Judgment did not restart the

---

[2] The meaning of all defined terms contained in the Introduction are set forth *infra*.
[3] The other orders included in the Original Neves Appeal were included in the Cross Appeal filed together with the Second Neves Appeal.

appellate clock arguably making the Second Neves Appeal untimely (which as shown below is wholly incorrect), the Original Neves Appeal still remains of record and operative.

Likewise, there is no dispute that the Cross Appeal was timely filed by Mr. Neves after Markwood (not Golden Dawn) took its first appeal in this case.  Golden Dawn's contention that the Cross Appeal should be dismissed because Mr. Neves already filed the Original Neves Appeal and the Second Neves Appeal is spurious.  Golden Dawn ignores that Markwood, not Golden Dawn, filed the Markwood appeal spurring the filing of the Cross Appeal.  Notably, if Markwood was a party to either of the Neves appeals, adopting Golden Dawn's reasoning Markwood should have taken a cross appeal from the two Neves appeals rather than filing three fresh appeals.

Golden Dawn's (and Markwood's) confusion is further underscored by the fact that Golden Dawn, and not Markwood, is seeking to dismiss the Cross Appeal even though Golden Dawn is not a party to that appeal and seemingly lacks any standing or interest in same.

At the end of the day this Court has jurisdiction over the appeals.  First, there is no challenge to the Court's jurisdiction over the Original Neves Appeal.  Second, the challenge to the veracity of the Second Neves Appeal is spurious as the record below makes clear it was decided under rule 60(b) and the appellate clock restarted upon entry of the Amended Final Judgment.  Moreover, the Second Neves Appeal overlaps the Original Neves Appeal.  Third, the challenge to the Cross Appeal by the wrong plaintiff below is likewise spurious as the Cross Appeal relates to an appeal filed by Markwood and **not** Golden Dawn.  When Markwood filed its appeal the clock started for Mr. Neves to file his Cross Appeal.  Golden Dawn provides no basis for barring Mr. Neves from taking a Cross Appeal from Markwood's appeal.

Golden Dawn's Motion to Dismiss is nothing more than a procedural ploy to muddy the waters and deprive Mr. Neves of having his timely filed appeals heard on the merits by this Honorable Court. The Motion should be denied and the appeals should be decided on the briefs.

### BACKGROUND

**The Bankruptcy and Adversary Proceeding**

Mr. Neves is a chapter 7 debtor in a bankruptcy case commenced in October 2009, Case No. 09-33043-LMI and a defendant in a related adversary proceeding, Adv. No. 10-02122-LMI, commenced by the plaintiffs below, Markwood Investments Ltd. ("Markwood") and Golden Dawn Corporation ("Golden Dawn" together with Markwood the "Plaintiffs") (the "Adversary Proceeding")[4]. This appeal arises from the Adversary Proceeding.

In February 2014, a five day trial was conducted in the Adversary Proceeding.

On September 16, 2014, the lower Court convened a hearing to read into the record its "draft opinion" which was not final as the Court intended to later issue an "actual written opinion". [ECF No 10 Ex. 3].

On December 11, 2014, the Bankruptcy Court entered its final, written Memorandum Opinion. [Adv. Pro. ECF No. 1014].

On December 16, 2014, the Bankruptcy Court entered its Final Judgment. [ECF No. 10 Ex. 4]. Both Markwood and Mr. Neves timely filed a post trial motion pursuant to Federal Rules of Bankruptcy Procedure 7052, 9023 and 9024 (the "Timely Post Trial Motions") [Adv. Pro. ECF Nos. 1070, 1072].[5] On February 25, 2015, the order disposing of the last Timely Post Trial Motion was entered by the Bankruptcy Court. [Adv. Pro. ECF No. 1151].

---

[4] Citations to the Adversary Proceeding are reflected as "Adv. Pro."
[5] Mr. Neves filed his Motion to Amend or Alter Findings of Fact which was denied on February 25, 2015 (the "Neves Post Trial Motion") . [Adv. Pro. ECF No. 1151].

On February 6, 2015, the Plaintiffs filed a Motion to Correct Final Judgment pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rules of Civil Procedure 60(a) and (b), seeking entry of an Amended Final Judgment ("Motion to Amend Final Judgment"). [ECF No. 10 Ex. 6]. On March 8, 2015, the Bankruptcy Court entered its Order Granting the Plaintiffs' Motion to Amend Final Judgment. [Adv. Pro. ECF No. 1157 attached hereto as Exhibit A]. Thereafter, on March 12, 2015, the lower Court entered the Amended Final Judgment. [ECF No. 10 Ex. 7].

The original Final Judgment did not differentiate between the Plaintiffs and was in favor of Mr. Neves and against *both* Plaintiffs as to Counts I and VI and in favor of *both* Plaintiffs and against Mr. Neves as to Counts II, III, IV and V. [ECF No. 10 Ex. 4]. The Amended Final Judgment differentiated between the two Plaintiffs and is in favor of Mr. Neves and against individual plaintiff, Markwood, as to Counts I and VI and in favor of individual plaintiff, Golden Dawn, and against Mr. Neves as to Counts II, III, IV and V. [ECF No. 10 Ex. 7].

In its Order Granting the Motion to Amend Final Judgment the lower Court delineated the basis for its ruling explicitly providing that it was granting the motion "for the reasons stated on the record at the hearing." [Exhibit A]. At the hearing, the Court unambiguously stated that the failure to differentiate between the Plaintiffs in the Final Judgment was not a mistake. [Transcript of hearing, Adv. Pro. ECF No. 1287 attached hereto as Exhibit B]. In fact, it was the Court's intention at the time of entering the Final Judgment to conflate the Plaintiffs. *Id.* The Court explained:

> **While the manner in which I wrote the memorandum opinion was not a mistake** and while I truly believe that there was a lot of conflating by -- I'm afraid to use that word now. I just read an editorial argument that that word is being overused. But in any event, I still feel that there was a lot of conflating of the plaintiffs in the evidence. I have directed and my law clerk did, in fact, go back and review the fourth amended complaint,

>reviewed the closing arguments, and reviewed the evidence.  And based on that, I do believe that the plaintiffs are correct and that the judgment should not have been undifferentiated.

*Id.* at 24-25.

### The Original Neves Appeals

On December 17, 2014, immediately following entry of the Final Judgment and before the filing of any Timely Post Judgment Motions, Mr. Neves filed five separate notices of appeal (the "Original Neves NOAs"), relating to five separate orders and opinions entered below.[6] Each appeal was docketed separately in the District Court and five different judges and case numbers were assigned.  Eventually, four of the appeals were transferred and reassigned to the Honorable Kenneth A. Marra. The transferred appeals were thereafter consolidated into the lower Case No. 1:14-cv-24840-KAM and remain *sub judice* (the "Original Neves Appeals"). ECF No. 20.  Appeal 1:14-cv-24841-KAM was voluntarily dismissed by Mr. Neves.[7]

The Orders being appealed from in the Original Neves Pending Appeals are as follows: *i)* the Memorandum Opinion; *ii)* the Final Judgment; *iii*) the Oral Ruling Granting Plaintiffs' Motion in Limine to Exclude Expert Testimony; and *iv*) the Oral Ruling Granting Plaintiffs' Motion in Limine to Exclude Prior Bad Acts.([ECF No. 10 Ex. 5] specifically, Adv. Pro. ECF Nos. 1025, 1028, and 1029).

Importantly, the Original Neves NOAs became effective on February 25, 2015, the date of the order disposing of the last of the Timely Post Trial Motions and remain *sub judice*.  *See* Fed. R. Bankr. P. 8002(b)(2).

---

[6] *See* U.S. Bankr. Ct. S.D. Fl. Local Rule. Rule 8001-1.
[7] The last appeal, case number 1:14-cv-24842-FAM, was not transferred and has been fully briefed and decided. The ruling from that appeal has been appealed to the Eleventh Circuit Court of Appeals Case No. 15-11871-F. On January 13, 2015, a Stipulated Dismissal of Appeal was filed with respect to Case No. 1:14-cv-24841-KAM leaving only three appeals pending in the Original Neves Consolidated Appeals).

**The Second Neves Appeal**

On March 24, 2015, fourteen days after entry of the Amended Final Judgment, Mr. Neves timely filed his Second Notice of Appeal, Case No. 1:15-cv-21188-KAM (the "Second Neves Appeal"). [Adv. Pro. ECF No. 1209 attached hereto as Exhibit C]. The orders appealed from in the Second Neves Appeal overlap some of the orders appealed from in the Original Neves Appeal. The Second Neves Appeal included the Amended Final Judgment and Order denying the Neves Post Trial Motion both of which were entered *after* the Original Neves Appeals were taken. Indeed, the Notice of Appeal relating to the Second Neves Appeal reflects that it was being filed because of the entry of the Amended Final Judgment and that the Appellant intended to consolidate the Second Neves Appeal with the Original Neves Appeals. [Exhibit C] at n.1. The Second Neves Appeal was transferred and reassigned to the Honorable Kenneth A. Marra and the remains *sub judice*. An Unopposed Motion to Consolidate the Second Neves Appeal and the Original Neves Appeals was filed on June 5, 2015 [Case No. 1:15-cv-21188-KAM, ECF No. 14, 15] and remains pending.

**The Markwood Appeal And Neves Cross Appeal**

On March 10, 2015, Markwood filed one of three appeals from the Bankruptcy Court's Memorandum Opinion, Case No. 1:15-cv-21034-KAM [Adv. Pro. ECF No. 1161], Amended 3/18/15 [Adv. Pro. ECF No. 1197 attached hereto as Exhibit D] (the "Markwood Appeal").

On March 24, 2015, fourteen days after the entry of the Amended Final Judgment, Mr. Neves timely filed a Notice of Cross Appeal (the "Cross Appeal") as to the Markwood Appeal which Cross Appeal was *not* docketed in the Markwood Appeal and instead assigned a separate case number, Case No. 1:15-cv-21191-KAM [ECF No. 10 Ex. 8]. Both the Markwood Appeal and the Cross Appeal were eventually transferred to the Honorable Kenneth A. Marra and

remain *sub judice.* Neves filed an Unopposed Motion to Consolidate the Cross Appeal with the Markwood Appeals which remains pending. *See* Case No. 1:15-cv-21191-KAM [ECF No. 13].

The Cross Appeal involves the same orders at issue in the Original Neves Appeal together with the Amended Final Judgment and the Order Denying Neves' Post Trial Motion.

**Golden Dawn's Motion To Dismiss the Second Neves Pending Appeal**

On May 17, 2015, Golden Dawn (not Markwood) filed a motion to strike improper notice of appeal and to dismiss the Neves Second Appeal and the Cross Appeal. [ECF No. 10]. Golden Dawn contends that the Amended Final Judgment was entered pursuant to Federal Rule of Civil Procedure 60(a) (and not 60(b)) and its entry did not restart the time for the filing of Notices of Appeal allegedly making the Second Neves Appeal untimely. As to the Cross Appeal, Golden Dawn contends that Mr. Neves may not file a cross appeal as to the Markwood Appeal because he already filed the Original Neves Appeals as to Golden Dawn even though Golden Dawn is not a party to Cross Appeal.

## ARGUMENT

**I    THE SECOND NEVES APPEAL AND CROSS APPEAL ARE TIMELY AND PROPERLY BEFORE THE COURT AND SHOULD NOT BE DISMISSED**

**A. The Amended Final Judgment Was Entered Pursuant To Rule 60(b).**

The record clearly shows that the Bankruptcy Court's failure to differentiate between the Plaintiffs in the Final Judgment was not a clerical error or a mistake arising from judicial oversight or omission. Rather, the Court changed its mind about conflating the Plaintiffs and granted the Motion to Amend the Judgment to differentiate between the Plaintiffs pursuant to Federal Rule of Civil Procedure 60(b)[8]. At the hearing on the Motion to Amend Final Judgment,

---

[8] *See Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) ("The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution'

the Bankruptcy Court plainly explained why the original Final Judgment failed to differentiate between the Plaintiffs.  The lower Court informed that it intended to conflate the Plaintiffs in the Final Judgment stating that the "manner in which I wrote the Memorandum Opinion was not a mistake".  *See* 2/18/2015 Hearing Trans. [Exhibit B] at 24-25.  Only after reviewing the record did the Court change its mind and determine that it should *not* have conflated the Plaintiffs in the Final Judgment, prompting entry of the Amended Final Judgment differentiating between the Plaintiffs.  *Id.*  at 25.  The Court carried over of its language from the hearing to the Order granting the Motion To Amend Final Judgment providing that the motion was granted "for the reasons stated on the record at the hearing." [Exhibit A].   Golden Dawn's contention that the Order "did not expressly state under which of the two provisions" of Rule 60 the Court "was travelling" is specious and ignores the Court's pronouncement at the hearing and its incorporation of its reasoning into the Order unequivocally showing that the Final Judgment was not the result of a clerical mistake or a mistake in oversight or omission.

The hordes of cases cited by Golden Dawn are inapposite as the record clearly shows that the Amended Final Judgment was not entered for the purpose of correcting the Final Judgment to reflect the Court's intentions at the time of its entry.  Nor, was there any blunder or oversight below.  That facts are clear and beyond dispute—the Court intended to and did conflate the Plaintiffs in the Final Judgment.  After it reviewed the record it determined that the Plaintiffs should have been differentiated, prompting entry of the Amended Final Judgment.

---

whereas the latter consist of instances where the Court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.") (emphasis original).

### B. The Amended Final Judgment Restarted the Time to File Notices of Appeal.

Without argument or analysis, Golden Dawn summarily concludes that "under the particular circumstances of this case" even if the Amended Final Judgment were entered under Rule 60(b), the time to appeal would not restart. *See* Motion at 18-19. Golden Dawn does not explain what particular circumstances of this case warrant such a harsh result.

The Supreme Court instructs that "when the lower Court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered . . the period within which an appeal must be taken or a petition for certiorari filed **begin to run anew**." *Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952) (emphasis supplied). However, in situations where a judgment is reentered or revised in an immaterial way, the time for review is not tolled. *Id.* at 212. *See also Tessmer v. Walker*, 833 F.2d 925, 926 -927 (11th Cir. 1987) (The Eleventh Circuit Court of Appeals reversed the lower Court's denial of a motion to vacate a final judgment for the sole purpose of restarting the appellate clock where counsel belatedly learned about the entry of the final judgment after being provided inaccurate information by the clerk's office).

The Second Circuit's decision in *Priestley v. Headminder, Inc.*, 647 F.3d 497, 501 (2d Cir. 2011) is directly on point and especially instructive. In *Priestly*, the Court entered summary judgment failing to differentiate between the defendants. The Court later granted a Rule 60 motion and amended the judgment to differentiate between the defendants. *Id.* at 501. The Court examined when the time to appeal runs anew following the entry of an amended judgment under Rule 60, reasoning that the time to file appeals begins to run anew "when the lower Court changes matters of substance, or resolves a genuine ambiguity in a judgment previously entered . . . " *Id.* at 502 (citations omitted). Describing the test as a "practical one", the Court found that

"juxtaposing" the original judgment with the amended judgment led to the conclusion that the amended judgment started the appeal time anew. *Id.* The Court stressed that the original judgment had not "distinguished among the defendants that the Court was holding liable" and instead referred "collectively to all the defendants. *Id.* Because this was an error, a genuine ambiguity existed concerning which defendants were liable and the amended judgment resolved the ambiguity and "altered a matter of substance in the original judgment." *Id.* at 503.

In the instant case, the original Final judgment referred to the Plaintiffs collectively and completely failed to distinguish among Golden Dawn and Markwood. The Amended Final Judgment clearly distinguished between the Plaintiffs resolving any ambiguity concerning which of the Plaintiffs was granted and denied relief and changing a matter of substance. Similar to the decision in *Priestly*, juxtaposing the Final Judgment and the Amended Final Judgment leads to the conclusion that the appellate clock started running anew upon entry of the Amended Judgment differentiating between the Plaintiffs.

The cases relied upon by Golden Dawn are readily distinguishable. For instance, in *Buggs v. Elgin, Joliet & E. Ry. Co.*, 852 F.2d 318 (7th Cir. 1988), the Court was concerned that the defendant who had missed the opportunity to appeal from an original judgment was using the amended judgment to circumvent the rule governing the timely filing of appeals. *Id.* at 323. The same concerns are not present here because at the time that Mr. Neves filed his Second Neves Appeal, he had already timely appealed from the original Final Judgment. In *Am. Fed'n of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726 (7th Cir. 1994), the amended judgment resulted from a "clerical error" and thus the clock did not restart. *See Harman v. Harper,* 7 F.3d 1455, 1547 (9th Cir. 1993) (trial Court on its *sua sponte* motion corrected its judgment pursuant to Rule 60(a) "due to an oversight on the part of the Court," and noted that even if the amendment

was pursuant to rule 60(b), the reduction of the punitive damage award in the amended judgment only benefited the defendant and could not start the clock anew for appeals.)

Golden Dawn ignores the decision in *Priestly,* the only factually pertinent case. Undeniably, the Amended Final Judgment correcting the lower Court's intentional failure to distinguish between the Plaintiffs was a substantive change to the Final Judgment and upon its entry, the appeal clock started anew leaving no doubt that Mr. Neves timely filed the Second Neves Appeal and that this Court has subject matter jurisdiction over the Second Neves Appeal.

      II.      **THE COURT HAS JURISDICTION OVER THE CROSS APPEAL TIMELY FILED WITHIN 14 DAYS FROM THE FIRST MARKWOOD APPEAL.**

In the unlikely event that the Court somehow deems the Second Neves Appeal untimely, its dismissal would have little practical effect on these related appeals because Mr. Neves timely filed both the Original Neves Appeal and his Cross Appeal.

Federal Rule of Bankruptcy Procedure 8002(a)(3) provides that "if one party files a timely notice of appeal, any other party may file a notice of appeal within 14 days after the date of the when the first notice was filed."  Here, Markwood filed its first Notice of Appeal on March 10.[9]  The previous appeals were filed by Mr. Neves as appellant against Golden Dawn as appellee.  The Markwood Appeal was also the first appeal to encompass the Amended Final Judgment.[10]

Given that the Original Neves Appeals were not as to Markwood and did not reference the Amended Final Judgment, it was completely appropriate for Mr. Neves to file his Cross

---

[9] Markwood's Notice of Appeal was filed after the Court entered its Order Granting Motion to Correct Final Judgment [Exhibit A] but prior to issuance of the Amended Final Judgment [ECF No. 10 Ex. 7].

[10] Markwood subsequently amended it Notice of Appeal to include the Amended Final Judgment. [Adv. Pro. ECF No. 1197 attached as Exhibit E to the Motion].  Under Golden Dawn's current argument, Markwood's amendment to its Notice of Appeal would likewise be untimely. *See In re Burns*, 322 F.3d 421, 430 (6th Cir. 2003) (holding an amendment to a notice of appeal must be made within the time an appeal could have been made).

Appeal. Had he neglected to do so, Mr. Neves arguably would have jeopardized his appellate rights as to Markwood (as distinct from Golden Dawn) and as to the Amended Final Judgment. Because the Cross Appeal was timely and covers all of the issues raised in the Neves Original Appeals and overlaps with the issues in the Second Neves Appeals, Golden Dawn's Motion is a distraction and trivial.

### III. CONCLUSION

Courts generally favor determinations of matters on the merits. The Court should not encourage gamesmanship in appeals, especially here where it is undisputed that the Court has jurisdiction over Mr. Neves' Original Appeal.

Based on the foregoing arguments and authorities, the Appellant/Cross Appellant Mr. Neves respectfully requests entry of an order denying Golden Dawn's Motion to Dismiss and granting Mr. Neves such further relief as may be just and appropriate.

Respectfully submitted,

AKERMAN LLP
One Southeast Third Avenue
25th Floor
Miami, Florida 33131-1714
Phone: (305) 374-5600
Fax: (305) 374-5095

By: /s/ Joanne Gelfand
    Joanne Gelfand, Florida Bar No. 515965
    E-mail: joanne.gelfand@akerman.com
    Michael B. Chavies, Florida Bar No. 191254
    E-mail: michael.chavies@akerman.com
    Brian P. Miller, Florida Bar No. 980633
    E-mail: brian.miller@akerman.com
    Ilana Tabacinic, Florida Bar No. 57597
    E-mail: ilana.tabacinic@akerman.com

*Attorneys for Appellant Fabrizio Dulcetti Neves*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 17, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

>By: /s/ *Joanne Gelfand*
>Joanne Gelfand

**SERVICE LIST**
**CASE NO. 1:15-cv-21034-KAM**

**Appellant**

**Fabrizio Dulcetti Neves**

**Brian Paul Miller**
Akerman LLP
Suntrust International Center
1 SE 3rd Avenue, 25th Floor
Miami, FL 33131-1714
305-374-5600; Fax: 374-5095
Email: brian.miller@akerman.com

**Ilana Tabacinic**
Akerman LLP
Suntrust International Center
1 SE 3rd Avenue, 25th Floor
Miami, FL 33131-1714
305-374-5600; Fax: 305-374-5095
Email: ilana.tabacinic@akerman.com

**Joanne Gelfand**
Akerman LLP
Suntrust International Center
1 SE 3rd Avenue, 25th Floor
Miami, FL 33131-1714
305-374-5600; Fax: 305-374-5095

**Michael Bruce Chavies**
Akerman LLP
Suntrust International Center
1 SE 3rd Avenue, 25th Floor
Miami, FL 33131-1714
305-374-5600; Fax: 305-374-5095
Email: michael.chavies@akerman.com

**Appellees**

**Markwood Investments LLC and Golden Dawn Corporation**

**Raul Enrique Espinoza**
Raul E. Espinoza, P.L.
7300 N. Kendall Dr., Suite 520
Miami, FL 33156
786-539-5410
Fax: 786-539-5411
Email: respinoza@repalaw.com