UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15-cv-21034-KAM

MARKWOOD INVESTMENTS LTD. and
GOLDEN DAWN CORPORATION,

    Appellants/Plaintiffs,

v.

FABRIZIO DULCETTI NEVES,

    Appellee/Cross-Appellant/Defendant.
_____/

**MR. NEVES' REPLY TO MARKWOOD INVESTMENTS LTD'S AND GOLDEN DAWN CORPORATION'S RESPONSE TO ORDER TO SHOW CAUSE AND RESPONSE TO MOTION TO STAY RELATED APPEALS**

Fabrizio Dulcetti Neves ("Mr. Neves") files this Reply[1] (the "Reply") to Golden Dawn's Response (the "Response") To Order to Show Cause and Mr. Neves' Motion to Stay Related Appeals (the "Motion to Stay") and in support hereof respectfully states as follows:

**INTRODUCTION**

Contrary to the impression created in the Response filed by Salvador and Arturo Frieri (the "Frieris") allegedly on behalf of Markwood Investment Limited ("Markwood") and Golden Dawn Corporation ("Golden Dawn"), Mr. Neves is not attempting to "delay" these proceedings or "hide," "evade" or "buy time." Response, at 4-5 [ECF No. 26]. Rather, because of Mr. Neves' efforts, the Related Appeals (as well as the underlying bankruptcy case) can now be

---

[1] The Reply is being filed in all related appeals (the "Related Appeals") as follows: *i)* Case No. 14-24840-KAM [ECF Nos. 53, 54, 55] (appeals taken by Mr. Neves as appellant and consolidated with appeal Case Nos. 14-24844-KAM and 14-24846-KAM), which consolidated appeal is fully briefed [ECF Nos. 33, 48, and 51]; *ii)* Case No. 15-21035-KAM [ECF Nos. 25, 26, 27], taken by Markwood as Appellant, which appeal is fully briefed [ECF Nos. 19, 20, and 24]; and *iii)* Case Nos. 15-21034-KAM [ECF Nos. 24, 25, 26] and 15-21036-KAM [ECF Nos. 15, 16, 17] also taken by Markwood as appellant, which appeals have not been prosecuted by Markwood.

{37031888;1}

concluded.

Indeed, **Golden Dawn and Markwood** through their only authorized legal representative, the Italian judicial administrator of their seized and sequestered assets have fully released, discharged and satisfied the Amended Final Judgment underlying the Related Appeals with the **approval of the Italian Deputy Judge President Muntoni** of the Civil and Criminal Court of Rome - Unit for Application of Preventive Measures against Harmful Persons (the "Italian Anti-Mafia Court").  *See* True and correct copy of the December 4, 2015 General Release and Satisfaction of Judgment and Withdrawal of Proofs of Claim is attached hereto as Exhibit A (the "General Release").  The judicial administrator confirms in the General Release that pursuant to the Sequestration Order, Golden Dawn and Markwood - along with the Frieris and their legal representatives - are **enjoined and prevented** from taking **any** further action with regards to the Assets without her authorization.  Moreover, Mr. Neves was granted **explicit permission to seek dismissal with prejudice** of all Related Appeals between Markwood and Golden Dawn and Mr. Neves.[2]  *See* Exhibit A.

The Italian Anti-Mafia Court also confirmed, through an Order entered on December 2, 2015, that the judicial administrator has jurisdiction over: (i) the Amended Final Judgment [ECF No. 1168], (ii) the two proofs of claim filed by Golden Dawn and Markwood Investments Corporation against Mr. Neves's estate, and (iii) the promissory notes dated December 15, 2006, for $4,430,000 USD and dated February 5, 2007, for $3,000,000 USD both executed by Salvador Frieri on behalf of Golden Dawn with address listed as Via Lovanio 19, Roma, Italy (collectively, the "Assets") as these Assets **"fall within the scope of the seizure"** issued by the Italian Anti-Mafia Court in the Sequestration Order.  A true and correct copy of the Italian

---

[2] Mr. Neves has filed a full copy of the Satisfaction of Final Judgment and Amended Final Judgment satisfying the Amended final Judgment entered on March 11, 2015 in the adversary proceeding below. (Adv. Pro. 09;33043-LMI at ECF No. 929).

December 2, 2015 Order is attached hereto as Exhibit B.

As demonstrated below, the Response should not be considered because it was filed after the deadline without just cause, lacks any legal basis and is premised on the faulty notion that the Markwood appeal against Mr. Neves filed and prosecuted in violation of the Sequestration Order should proceed in continued violation of the Sequestration Order while Mr. Neves' consolidated appeal against Golden Dawn should be stayed. Furthermore, the Response fails to address and concedes that the Frieris and their legal representatives have been enjoined since October 30, 2014 from prosecuting the appeals by entry of the Sequestration Order.

## ARGUMENT

**I.    REPLY TO RESPONSE TO ORDER TO SHOW CAUSE**

The Frieris' response—which shows no remorse or excuse for having hidden from Mr. Neves and this Court the issuance of the Sequestration Order enjoining them from participating in the Related Appeals—that they overlooked filing a timely response is not credible since they have had since November 6, 2014 (the date Salvador Frieri was served with the Sequestration Order) to perform due diligence. Furthermore, ten months ago, on February 18, 2015, suspicion of problems in Italy was brought to the Frieris' attention in open court. Finally, on November 12, 2015, the date of service of the Motion to Stay in the Court, the Frieris were again put on notice to perform required, urgent, and mandatory due diligence. They continued to look the other way and filed nothing in this Court waiting until the eve of the deadline to this Court's Order to show cause to blame everything on a delay by Mr. Neves.[3] The Court should grant the Motion.

---

[3] While the Frieris attempt to paint a picture of delay or lack of good faith on the part of Mr. Neves, the facts demonstrate the complete opposite. Mr. Neves participated in protracted and good-faith settlement discussions with Markwood's and Golden Dawn's then alleged representative, Arturo Frieri. Mr. Neves was not fully informed at any point prior to the entry of the Amended Final Judgment, production of discovery or during those settlement discussions, that Golden Dawn's assets had been seized and that the Frieris, as of October 30, 2014, no longer had authority to act on behalf of the companies, could not legally receive any funds resulting from a settlement and were

{37031888;1}                                        3

## II. COMITY AND RECOGNITION OF THE SEQUESTRATION ORDER ARE PROPER AND SHOULD BE GRANTED

Only two points are raised in the Response which argues that comity is allegedly inapplicable to these Related Appeals because: (i) the Sequestration Order is not a final order and (ii) the Sequestration Order does not contain any mandate prohibiting Golden Dawn from continuing its post-judgment collection efforts.  Response at 5. Neither are valid and both – as shown by Exhibits A and B attached – are erroneous and moot.

The Response does not dispute and **concedes** that on October 30, 2014, a Sequestration Order was entered by the Italian Anti-Mafia Court, which remains in full force and effect under Italian law and which sequestered and seized Golden Dawn's and Markwood's assets and appointed an administrator to take possession and control of the assets.  *See* Motion at Exhibit A ("Sequestration Order"); Exhibit C.

The Response does not dispute **and concedes** that all elements necessary for the Court to exercise international comity and recognize the Sequestration Order are present in this case, to wit, (i) that the Italian Anti-Mafia Court was competent, (ii) that the Sequestration Order is not fraudulent, (iii) that the Sequestration Order does not violate the United States' public policy notions of decency and justice; and (iv) that the Court should respect the judgment of the Italian Anti-Mafia Court. *See Talisman Cap. Alternative Inv. Fund, Ltd. v. Mouttet* (*In re Mouttet*), 493 B.R. 640, 655 (Bankr. S.D. Fla. 2013) (J. Isicoff) (citing *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1238 (11th Cir. 2004)).  The Frieris also do not dispute and **concede** that Markwood's and Golden Dawn's principal and shareholder, Salvador Frieri, was personally served with the Sequestration Order more than one year ago on November 6, 2014.

### A. COMITY APPLIES TO INTERLOCUTORY AND NON-FINAL ORDERS

---

violating the Sequestration Order issued by the Italian government.  It was not until after the settlement negotiations with Arturo Frieri failed that Mr. Neves finally obtained a copy of the Sequestration Order and filed the Motion.

{37031888;1}                                    4

Comity is not restricted to foreign final judgments. *Daewoo Motor Am., Inc. v. Gen. Motors Corp.*, 315 B.R. 148, 157 n.32 (M.D. Fla. 2004) *aff'd*, 459 F.3d 1249 (11th Cir. 2006); *Daniels v. Powell,* 604 F. Supp. 689, 693 (N.D. Ill. 1985) ("An examination of the case law, however, clearly indicates that American courts have granted comity to foreign liquidation proceedings regardless of whether a final judgment has been entered").

Federal Courts, including those in the Southern District of Florida, have granted comity as to interlocutory orders—including those from Italy—and without the need, as the Response seems to suggest, of letters rogatory or criminal forfeiture proceedings. *In re Rosacometta, S.R.I. v. Marble*, 336 B.R. 557, 564 (Bankr. S.D. Fla. 2005) (J. Mark) (recognizing and enforcing Italian automatic stay, in part, under principles of comity). In fact, in *In re Enercons Virginia, Inc.*, 812 F.2d 1469, 1472 (4th Cir. 1987), the Fourth Circuit explicitly held that an Italian Anti-Mafia Court's appointment of a trustee was properly granted comity. *See also, BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil*, 20 F. Supp. 2d 1, 4-5 (D.D.C. 1997) ("The recognition of liquidators or trustees appointed by foreign courts to act as receivers empowered to sue and be sued on behalf of insolvent corporations is neither unusual nor contrary to federal law").

In the case of *Daniels v. Powell*, the Northern District of Illinois accorded comity to a "Winding-Up" interlocutory order issued in Bermuda which, as the Court noted, divested the shareholders and directors of all authority to sell any assets belonging to the company. *Daniels v. Powell*, 604 F. Supp. 689, 693-94 (N.D. Ill. 1985). The *Daniels* Court categorically dismissed arguments that comity should be denied to non-final orders or that the shareholders or officers and directors, and not the liquidator, retained power over the corporation, finding "abhorrent the notion" that it should condone conduct in defiance of an order entered by a foreign court having jurisdiction over the parties and of the subject matter. *Id.* at 694-695 (controlling shareholder

and director of parent company committed conversion when he endorsed and deposited check representing proceeds from the sale of a subsidiary's land prior to the liquidation without permission form the Bermudan court; title had passed to the liquidator).

The Frieris' reliance on *Pilkington Brothers* is erroneous. Response at 9-10 (citing *Pilkington Bros. P.L.C. v. AFG Indus. Inc.*, 581 F. Supp. 1039, 1046 (D. Del. 1984)). There, the litigant sought to misuse the doctrine of comity to seek entry of duplicative relief or "issuance of an identically worded order based solely on principles of comity" rather than seek recognition of the foreign order. The *Pilkington* court, interpreting Delaware law, refused to grant comity because it would interfere with the arbitration. *Pilkington Bros. P.L.C.*, 581 F. Supp. at 1046. The *Pilkington* Court rejected the notion that comity is exclusive to final foreign orders and explicitly found that the "question of 'finality' is . . . not dispositive [and that m]odifiable foreign orders can be granted extraterritorial effect even though they might not be 'final'." *Id.* The *Pilkington* decision was decidedly not based on whether the foreign judgment was final, and actually supports the granting of comity in this case where there is no dispute that the factors required to grant comity are present.[4]

There is no legal barrier to this Court's recognition of the Sequestration Order under principles of comity. *See also e.g., Intrinsic Values Corp. v. Superintendencia De Administration Tributaria*, 806 So. 2d 616, 619 (Fla. 3d DCA 2002) (recognizing and enforcing Guatemalan injunction enjoining payment on a letter of credit); *Metropolitan Inv. Corp. v. Buchler*, 575 So.

---

[4] The two other cases cited in the Response likewise fail to support the proposition that comity requires a final judgment. The *Cardenas* case actually **grants** comity to an interlocutory order. *See Cardenas v. Solis,* 570 So.2d 996, 998 (Fla. 3d DCA 1990) (recognizing temporary injunction issued by Guatemalan court in a Guatemala dissolution proceeding, freezing marital assets located in Miami banks, and noting the court's prior enforcement of a temporary foreign injunction). Similarly, the *Ogden* case is inapposite, as it turned on whether the English court had jurisdiction to enter the decree in the first place, and not on whether the English decree was a final judgment. *Ogden v. Ogden*, 33 So. 2d 870, 874 (Fla. 1947) ("In briefs of counsel great reliance is placed on the charge that the English judgment is not final but in our view that is not material here.").

2d 262, 263 (Fla. 3d DCA 1991) (recognizing and enforcing temporary injunction issued by English court on behalf of liquidator).

**B.   THE SEQUESTRATION ORDER <u>PROHIBITS</u> MARKWOOD, GOLDEN DAWN, THE FRIERIS AND THEIR COUNSEL FROM ENGAGING IN ANY ACTION WITHOUT AUTHORIZATION FROM THE ITALIAN ANTI-MAFIA COURT**

The Response misreads the Sequestration Order and contends the Frieris are not subject to and should be able to continue to violate the Sequestration Order and participate in the Related Appeals through current legal representatives because (i) the Sequestration order "is completely devoid of any explicit language prohibiting Markwood from moving forward with its appeal," (ii) only Salvador Frieri and not Arturo Frieri or Golden Dawn and Markwood are subject to the Sequestration Order, (iii) the officers and directors for Golden Dawn and Markwood remain technically in office and could violate the injunction issued in the Sequestration Order, and (iv) the Italian Anti-Mafia Court has not submitted a letter rogatory or requested the initiation of a criminal forfeiture proceeding in the United States. Response, at Pp. 10-14.

The Sequestration Order is clear and is conclusive that the Italian Anti-Mafia Court has possession of all assets of Markwood and Golden Dawn, which are both corporations that are tax domicile and managed in Italy:

- Golden Dawn and Markwood "directly managed by the brothers Salvador Vicente and Arturo Rafael GALLO FRIERI … had their administrative offices or tax residence as per Art. 73 of the Consolidated Tax Code in Italy at a building in Rome, via Lovanio, no. 19."  Order at 2;
- Salvador Frieri "is also liable for the crime set forth in Art. 5 of Labor Decree 74/2000 in relation to the management – along with Arturo Rafael – of the two 'offshore' companies – MARKWOOD INVESTMENTS LIMITED (British Virgin Islands, Tortola) and GOLDEN DAWN CORPORATION (Panama) – only formally domiciled abroad but having its effective administration offices or tax residence as per Art. 73 of the Consolidated Tax Code in Italy at a property in Rome that is fully available to the FRIERI brothers where all documentation concerning the business managed is  addressed and filed." *Id.* at 3;
- the assets sequestered include Markwood's and Golden Dawn's "company shares, share capital and company assets".  *Id.* at 6-8 (stating that "FOR THESE REASONS … orders the sequestration of the following assets …. PROPERTY AVAILABLE TO

>THE SUSPECT through legal persons" all shares, share capital and company assets for Markwood and Golden Dawn); Severino Dec. ¶ 10;
>- the Italian Anti-Mafia Court "ORDERS" the suspects (Salvador Frieri), **registered third parties (Arturo Frieri)** and legal representative of the current account and security holders not to perform **any act** without authorization of the Deputy Judge. Order at 10; Severino Dec. ¶ 11 (emphasis added).

The Italian Anti-Mafia Court Order of December 2, 2015 additionally clarifies, declares and confirms that the judicial administrator has jurisdiction over the seized Assets, as defined above, and that the Assets **"fall within the scope of the seizure"** issued by the Italian Anti-Mafia Court in the Sequestration Order. *See* Exhibit A.

The Frieris attach the legal opinion of Italian attorney Carlo Sarzana di S. Ippolito who does not challenge, in whole or in part, that (i) comity—which is an abstention doctrine—is proper, (ii) the Italian Anti-Mafia Court seized and sequestered the shares of Markwood and Golden Dawn and issued an injunction, (iii) Salvador Frieri was personally served with the Sequestration Order, (iv) the Italian Anti-Mafia Court appointed a judicial administrator and placed the administrator, pursuant to Articles 20, 35, 37 and 41 of the Anti-Mafia Code n. 159, in possession of the seized shares, assets and goods of Golden Dawn and Markwood, (v) the administrator is responsible for the management and custody of the property seized, and (vi) the administrator is allowed to take any action on behalf of Markwood and Golden Dawn with authorization from the Deputy Judge. Motion, Exhibit 3, Severino Dec. ¶¶ 10-18; *cf.* Response, Exhibit 2, Sarzana Dec.

Instead, Mr. Sarzana erroneously concludes that, because the judicial administrator has, among many powers, the option to replace the directors of the company, a seizure of Markwood's and Golden Dawn's assets "has no impact on the management body of the company …. in the absence of a replacement by the Court." Response, Exhibit 2, Sarzana Dec. ¶¶ 19, 21, 22, 24, and Exhibit A (citing Article 41 of the Anti-Mafia Code noting that "the judicial receiver, with the approval of the judge appointed **may** a) Convene a shareholders' meeting for the

replacement of directors") (emphasis added).  By Mr. Sarzana's **own admission,** as Article 41 states on its face, and as it is common with liquidations or judicial administration of companies, the court appointed liquidator or administrator has the power to replace directors and officers of a seized entity, but that is optional.  Article 41 does not remotely suggest that replacing the directors is mandatory or a prerequisite to enforce the Sequestration Order.  *See* Motion, Exhibit 3, Severino Dec. ¶ 15 (citing Articles 20, 35, 37 and 41 which place the administrator in possession of the seized assets and shares and empowers the administrator with management, custody and administration of the property seized).

Mr. Sarzana also cites to the Code of Criminal Procedure on Transmission of Letters Rogatory, Article 727, which governs letters rogatory "from judges and public prosecutors … addressed to foreign authorities for communications, notifications and the gathering of evidence."  Because no judge or public prosecutor is requesting communication, notification or the gathering of evidence by this Court, Article 727 does not apply.

Finally, Mr. Sarzana cites Article 747, which, as he agrees, is the Italian legislation for the treaty of mutual criminal assistance between Italy and the United States ("MLAT") for criminal investigation and forfeiture.  Italy Mutual Assistance Treaty, November 13, 1985, Sen. Ex. 98-25, Exec. Rept. 98-36, 98th Cong., 2d Sess.  Mr. Neves is not asking this Court to enter forfeiture relief.  Instead, Mr. Neves is seeking comity, which is an **abstention doctrine** that involves deference upon the request of a private civil litigant such as Mr. Neves to a foreign proceeding through the recognition of the legislative, executive or judicial acts of that foreign nation.  *Ungaro-Benages*, 379 F.3d at 1237-38.  In other words, the doctrine of international

comity is a **voluntary action** by this Court and it does not involve and does not require initiation of a criminal proceeding (through an MLAT) to compel relief.[5]

As noted above, the Italian Anti-Mafia Court has explicitly exercised possession of the Assets and has approved, pursuant to the Anti-Mafia Code, the administrator's custody and management of the Assets. While Markwood and Golden Dawn attempt to argue that its officers and directors are untouchable because they are "offshore," both Markwood and Golden Dawn, shell corporations, chose to engage in business and establish fiscal residence in Italy and affirmatively litigate in the United States. Consequently, Markwood and Golden Dawn have an obligation to abide by the Italian Anti-Mafia Court's Sequestration Order and this Court's authority to grant comity irrespective of whether its directors and officers are offshore or it is incorporated in the British Virgin Islands or in Panama.[6]

Undeniably, the Sequestration Order precludes the Frieris' and Markwood's and Golden Dawn's current counsel from exercising any control over the Assets whatsoever and from participating in the Related Appeals. Comity should be exercised out of respect to the government of Italy and its policies of eradicating organized crime through the Anti-Mafia Code.

---

[5] In any event, neither the rogatory nor the MLAT procedures are exclusive and the statutes cited by Mr. Sarzana do not facially state they are mandatory, exclusive or prerequisites to anything. *See also* 28 U.S.C. Section 1782(b) ("This chapter does not preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him.")

[6] *See, e.g., Louis Vuitton Malletier v. Dooney & Bourke, Inc.,* 04 CIV. 5316 RMB MHD, 2006 WL 3476735, at *5 (S.D.N.Y. Nov. 30, 2006) (subjecting Italian executive of subsidiary to deposition in Italy without the use of the letter rogatory process because executive conducted business in the United States with domestic parent corporation) (citing *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa,* 482 U.S. 522 (1987) (the Hague Convention does not provide the exclusive or mandatory procedure for obtaining discovery of documents and information located within a signatory nation. The Court further declined to adopt a blanket rule that litigants must first resort to the Convention procedures.)).

## CONCLUSION

Based on the foregoing arguments and authorities and for the reasons stated in the Motion, this Court should grant comity and recognize the Sequestration Order and stay this proceeding and grant any such further relief as the Court deems just and proper.

Dated: December 22, 2015

Respectfully Submitted,

**AKERMAN LLP**
One Southeast Third Avenue, 25th Floor
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

By: /s/ Joanne Gelfand
Joanne Gelfand, Esq.
Florida Bar Number: 515965
E-mail: joanne.gelfand@akerman.com
Brian Miller, Esq.
Florida Bar Number: 980633
E-mail: brian.miller@akerman.com
Ilana Tabacinic, Esq.
Florida Bar Number: 57597
E-mail: ilana.tabacinic@akerman.com

*Attorneys for Fabrizio Dulcetti Neves*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 22, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic filing notices in this case.

By: /s/ Joanne Gelfand
Joanne Gelfand, Esq.

## SERVICE LIST
## CASE NO. 1:15-cv-21036-KAM

**Appellant**

**Fabrizio Dulcetti Neves**

**Brian Paul Miller**
Akerman LLP
Suntrust International Center
1 SE 3rd Avenue, 25th Floor
Miami, FL 33131-1714
305-374-5600; Fax: 374-5095
Email: brian.miller@akerman.com

**Joanne Gelfand**
Akerman LLP
Suntrust International Center
1 SE 3rd Avenue, 25th Floor
Miami, FL 33131-1714
305-374-5600; Fax: 305-374-5095

**Michael Bruce Chavies**
Akerman LLP
Suntrust International Center
1 SE 3rd Avenue, 25th Floor
Miami, FL 33131-1714
305-374-5600; Fax: 305-374-5095
Email: michael.chavies@akerman.com

**Appellees**

**Markwood Investments LLC and Golden Dawn Corporation**

**Raul Enrique Espinoza**
Raul E. Espinoza, P.L.
7300 N. Kendall Dr., Suite 520
Miami, FL 33156
786-539-5410
Fax: 786-539-5411
Email: respinoza@repalaw.com